IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **REGINALD JEFFERIES,** | * | |
| **Plaintiff,** | * | |
| v. | * | CIVIL NO. JKB-25-2699 |
| **NEW JERSEY MANUFACTURERS INSURANCE COMPANY,** | * | |
| **Defendant.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court is Plaintiff's Motion to Remand (ECF No. 15). The Motion will be denied for the reasons that follow.

Plaintiff filed suit against Defendant in the Circuit Court for Prince George's County, Maryland on July 15, 2025, alleging a breach of contract. (ECF Nos. 2-1, 8.) Plaintiff alleges that he was injured in a motor vehicle accident when an unknown/unnamed driver struck Plaintiff's vehicle and left the scene. (ECF No. 8 ¶ 2.) Plaintiff alleges that at the time of the collision, he was insured by Defendant under a policy with uninsured motorist coverage, and that Defendant breached its contractual obligations by failing to compensate Plaintiff for the injuries he suffered in the accident. (*Id.* ¶¶ 8, 12.)

Defendant removed to this Court on the basis of diversity jurisdiction on August 15, 2025. (ECF No. 1.) Plaintiff is a citizen of Prince George's County, Maryland, and Defendant is a New Jersey corporation with its principal place of business in New Jersey. (*See* ECF No. 1 ¶ 6–7; ECF No. 15 at 2). Plaintiff's Complaint demands damages in excess of $75,000. (ECF No. 8 at 3.) On September 2, 2025, Plaintiff moved to remand back to state court. (ECF No. 15.)

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over suits for more than $75,000 between "citizens of different States." *Id.* § 1332(a)(1). For diversity jurisdiction purposes, a corporation is a citizen of any state in which it is incorporated, plus the state or foreign country "where it has its principal place of business." *Id.* § 1332(c)(1). But § 1332(c) has an extra citizenship rule for insurance companies, namely: "in any direct action against the insurer of a policy or contract of liability insurance . . . to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of . . . every State and foreign state of which the insured is a citizen." *Id.* § 1332(c)(1)(A).

Plaintiff's Motion to Remand argues that the Court lacks diversity jurisdiction over this action under this "direct action" exception to 28 U.S.C. § 1332(c). (ECF No. 15.) However, as Defendant aptly explains (ECF No. 18), the Court is bound by the Fourth Circuit's holding that "direct action," as used in § 1332, means "a suit in which the plaintiff sues a wrongdoer's liability insurer without joining or first obtaining a judgment against the insured," *Gateway Residences at Exch., LLC v. Ill. Union Ins. Co.*, 917 F.3d 269, 272 (4th Cir. 2019), or in other words, "a lawsuit in which the plaintiff sues the insurer on a claim the plaintiff could have brought against the insured," *Huntt v. Federated Mutual Ins. Co.*, Case No. DKC-21-cv-1907, 2021 WL 4420558, at *1 (D. Md. Sept. 27, 2021). By contrast, "'direct action' in § 1332(c)(1) does not include an insured's suit against his or her own insurer for breach of the terms of the insurance policy . . . ." *Elliott v. Am. States Ins. Co.*, 883 F.3d 384, 394 (4th Cir. 2018) (citing cases).

Plaintiff's suit is not a direct action as the term is used in § 1332, as it is not filed against a wrongdoer's liability insurer in lieu of suing the insured. Rather, Plaintiff sued his own insurer for a breach of the terms of the insurance policy. Thus, the direct action exception to § 1332 does not apply, and Defendant's citizenship is determined by its state of incorporation and principal place

of business—New Jersey. Given that there is diversity of citizenship between the parties and the amount in controversy is met, this Court has jurisdiction over the action.

It is hereby ORDERED that Plaintiff's Motion to Remand (ECF No. 15) is DENIED.

DATED this __2__ day of October, 2025.

BY THE COURT:

_/s/ James K. Bredar_
James K. Bredar
United States District Judge